MURDOCK, Judge,
dissenting.
I believe the main opinion misinterprets the proper operation of Aa.Code 1975, § 35-11-211, and the doctrine of equitable subrogation. Section 35-11-211 begins by stating that a materialmen’s “lien as to the land and buildings or improvements thereon, shall have priority over all other liens, mortgages or incumbrances created subsequent to the commencement of the work on the building or improvement.” Aa.Code 1975, § 35-ll-211(a) (emphasis added).
As stated in Collateral Investment Co. v. Pilgrim, 421 So.2d 1274 (Aa.Civ.App. 1982),
“[t]he elements of equitable subrogation are as follows: (1) the money is advanced at the instance of the debtor in order to extinguish a prior incumbrance; (2) the money is used for that purpose with the just expectation on the part of the lender for obtaining security of equal dignity with the prior incum-brance; (3) the whole debt must be paid before subrogation can be enforced; (4) the lender must be ignorant of the intervening lien; and (5) the intervening lien- or must not be burdened or embarrassed.”
421 So.2d at 1276 (emphasis added) (cited with approval in AOD Fed. Credit Union v. State Farm Fire & Cas. Co., 931 So.2d 31, 40 (Aa.Civ.App.2005)); see also, e.g., Arnett v. Willoughby, 190 Ala. 530, 535, 67 So. 426, 428 (1914).
Several of the elements of equitable sub-rogation are not satisfied in the present cases. It is not necessary, however, to look beyond the first element in order to dispose of these cases.
The second loans, which the main opinion believes should be subrogated to the developer’s construction loan, were not made to the original debtor. That is, they were not made to the developer. Rather, they were made to the ultimate purchasers of the houses. Aso, the second loans were made to the ultimate purchasers not for the direct purpose of extinguishing any prior encumbrance, but rather for the purpose of enabling the purchasers to make *7 their purchases of the houses. Although the moneys from these second loans were loan proceeds in the hands of the purchasers, they merely constituted payments by the purchasers to the developer. Under the majority’s analysis, the lien of a material’s supplier properly recorded under our statutes would become all but meaningless whenever a house is purchased by a purchaser who utilizes- loan proceeds to pay the builder or developer for the house and the builder or developer, in turn, upon being paid for the house by the purchaser, uses the proceeds of the sale to pay off its construction loan.